# CIRCUIT COURT OF THE CITY OF ROANOKE

Harry L. Wilson

v.

Patricia D. Wadlow,
Margaret L. Williamson,
and Julia H. Mineo,
Administrators of the Estate of
Kathleen E. Williamson Wilson,
Deceased

September 15, 1998

Case No. CH97-115

BY JUDGE ROBERT P. DOHERTY, JR.

Plaintiff's Amended Bill of Complaint asks the Court to declare that a series of letters which are attached to the pleading as an exhibit constitutes the decedent's holographic will. Defendants, who qualified as the Administrators of the decedent's intestate estate, have demurred. They argue that the purported holographic will has become part of the Plaintiff's pleading, and therefore, the Court can decide the merits of the Plaintiff's case in chief when ruling on the demurrer. Defendants contend that the paper writings are not a holographic will as they are not properly signed; that they do not show testamentary intent; and that the post script portions of the letters are not part of an original will or codicil. The Court finds the position taken by the Defendants to be correct.

*Scope of Demurrer*

When ruling on a demurrer concerning a pleading that has an alleged holographic will attached to it as an exhibit, the Court can make a final finding

on the merits of the case, the same as if the Defendant had craved oyer to the handwritten documents as part of his demurrer. *Ward's Equipment, Inc. v. New Holland North America, Inc.*, 254 Va. 379 (1997). Evidence of the authenticity of the document is not necessary, as the paper writing becomes part of the pleading. For purposes of a demurrer, all allegations of fact contained in the pleading are presumed to be correct.

### Holographic Will

The writings in this case contain at least two and possibly three separate documents. The first document is in the form of a letter and signed "Kathy." It simply describes how the writer feels, and it uses precatory language to name the persons she wants to take care of "Abby." Thereafter, the notation "P.S." appears, followed by a contradictory listing of persons whom the writer says should be able to choose among her "things." She also directs that she be cremated. The P.S. or post script portion of the letter is not signed. The second document is either an unsigned handwritten letter with a two-page hand-printed attachment or it is an unsigned letter and a hand-printed note without a salutation or a signature. Nothing indicates that they are connected with the original signed letter.

The documents, either singularly or collectively, do not rise to the level of a valid holographic will. The signature "Kathy" appears to have been affixed to the first letter solely to authenticate that portion of the letter written before the post script. Section 64.1-49, Code of Virginia (1950), as amended, lists among the requirements for a holographic will that the document be signed by the testator "in such a manner as to make it manifest that the name is intended as a signature ... ." This means that the testator's signature must appear on the face of the will in such a manner so that it is clear that the decedent's name is intended as a signature; that it authenticates the document; and that it establishes the finality of the writer's testamentary intent.

> The abbreviation of "P.S." and the writing appearing after the signature indicate, on the face of the instrument offered for probate, that they were written after the signature was made and there is nothing on the face of the paper which makes it manifest that the signature authenticated the words appearing after it ... .
>
> [T]he name appearing on a holograph will is not to be considered a signature unless it appears to have been intended as such and then is only a signature as to so much of the paper as it was designed to authenticate.

*Fenton v. Davis, Adm'r,* 187 Va. 463, 471 (1948); see also *Bailey v. Kerns,* 246 Va. 158, 165 (1993).

As in *Fenton, supra,* the decedent's signature authenticates and finalizes only the language appearing above it. The words following the decedent's name are not authenticated by signature, nor are they shown to be a complete, concluded act by any other language. That portion of the document appearing before the decedent's signature contains precatory language only and does not show testamentary intent. The handwritten pages attached to the pleading do not rise to the level of a holographic will.

The Defendant's demurrer is sustained, and this matter is dismissed with prejudice.